IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STAFFORD TRADING, INC. and JOHN S. STAFFORD, JR., ) ) ) Plaintiffs, ) ) v. ) ) FREDERICK J. LOVELY and CHARLES POKOSKI, ) ) ) ) Defendants. ) ) ──────────────────────────────── ) FREDERICK J. LOVELY and CHARLES POKOSKI, ) ) ) ) Counter-Claimant, ) ) v. ) ) JOHN S. STAFFORD, JR., ) ) ) Counter-Defendant. ) | No. 05 C 4868 Judge David H. Coar Magistrate Judge Arlander Keys Jury Trial Demanded |

**PLAINTIFFS' BENCH MEMO REGARDING BURDEN OF PROOF AS TO COUNT I OF THE COMPLAINT**

While a party bringing a claim generally bears the burden of proof, this is not true in a declaratory judgment action. Declaratory judgment actions are often filed to seek resolution of a dispute where the declaratory judgment defendant has threatened, but not yet filed, a coercive suit on which he would have the burden of proof. *Japan Gas Lighter Ass'n v. Ronson Corp.*, 257 F. Supp. 219, 237 (D.N.J. 1966) (leading case) ("The Declaratory Judgment Act was designed to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure – or never"). In this situation, the declaratory judgment defendant retains the burden of proof on the elements of the underlying

141151v1

coercive action, even if the declaratory judgment action is filed first. *See*, *e.g.*, *Officers for Justice v. Civil Service Commission of San Francisco*, 1991 U.S. Dist. LEXIS 12580, *32 (N.D. Cal. Aug. 21, 1991) ("in a declaratory relief action, the burden of proof as to the substantive right involved rests on the 'true' plaintiff").

This is exactly why Stafford filed a count for declaratory relief in this case. In August of 2005, more than three-years after Stafford sold RIVAS to TD Bank, defendants threatened to sue Stafford for a portion of the sales proceeds. In response, Stafford filed the complaint which initiated this case, including, among three other claims, a request for the following declaration: "(a) defendants at no point owned any copyrights or other intellectual property rights or interests in RIVAS and (b) defendants are not entitled to any of the proceeds derived from the sale of RIVAS to TD Bank." Complaint at 6. In Count I of the Complaint, Stafford only seeks a declaration that defendants do not and have not owned any rights in RIVAS. Defendants themselves claim they are the "natural plaintiffs" in this case. *See* Memorandum in Support of Defendant's Motion to Dismiss, Doc. no. 13 at 6.

The "natural plaintiff" bears the burden of proof, even if they did not file the declaratory judgment action that brought the dispute before the court. In what appears to be the first case to address the issue, the Eighth Circuit found:

> The question as to who must sustain the burden of proof in a declaratory judgment suit is a comparatively new one . . . . It is a fundamental rule that the burden of proof in its primary sense rests upon the party who, as determined by the pleadings, asserts the affirmative of an issue and it remains there until the termination of the action. It is generally upon the party who will be defeated if no evidence relating to the issue is given on either side.

*Reliance Life Ins. Co. v. Burgess*, 112 F.2d 234, 237 (8th Cir. 1940); see also: *General Motors Corp. v. Darling's*, 324 F. Supp. 2d 257, 268-269 (Dist. Me. 2004) (in declaratory judgment action "party who asserts the affirmative of the controlling issues in the case, whether or not he is

the nominal plaintiff in the action, bears the risk of persuasion"); *Officers*, 1991 U.S. Dist. LEXIS 12580 at *32 ("in a declaratory relief action, the burden of proof as to the substantive right involved rests on the 'true' plaintiff").

In this case, the defendants are the party claiming rights to damages for the intellectual property related to RIVAS. *See* Amended Counterclaim at Prayer for Relief. If they do not prove they had an ownership interest in this intellectual property, then they have no right to the damages the seek. In fact, defendants themselves have argued that Stafford seeks "nothing more than a declaration of nonliability for past acts where Plaintiffs' liability to Defendants was fixed long ago." *See* Memorandum in Support of Defendant's Motion to Dismiss, Doc. no. 13 at 1, 6. In the words of the *Reliance* court, it is the defendants "who will be defeated if no evidence relating to the issue is given on either side." *Reliance*, 112 F.2d at 237.

The rule placing the burden of proof on the "natural plaintiff" is regularly applied in intellectual property cases such as this one, where the declaratory judgment defendant is the party trying to enforce a property right. For example, the Federal Circuit has found that "in patent cases courts have generally recognized that any role reversal occasioned by declaratory relief should not shift the burden of proof from the manner in which it would be assigned in a coercive infringement suit." *Vivid Tech., Inc. v. American Science & Engineering, Inc.*, 200 F.3d 795, 802 (Fed. Cir. 1999) (internal quotations omitted); *see also*, *Plumtree Software, Inc. v. Datamize, LLC*, 2003 U.S. Dist. LEXIS 26948, *11 (N.D. Cal. Oct. 6, 2003) (burden on defendant in claim for declaration of non-infringement). This same rule applies in trademark cases. *See*, *e.g.*, *Switchmusic.com, Inc. v. U.S. Music Corp.*, 416 F. Supp. 2d 812, 820 (C.D. Cal. 2006) ("in trademark cases, courts have recognized that any role reversal occasioned by declaratory relief should not shift the burden of proof from the manner in which it would be

-3-
141151v1

assigned in a coercive infringement suit"); *Larami Corp. v. Amron*, 1994 U.S. Dist. LEXIS 9453, *24 (S.D.N.Y. July 13, 1994) (declaratory judgment defendant bore the burden of proving that its trademark was valid and that declaratory judgment plaintiff infringed the mark); *Anheuser-Busch, Inc. v. John Labatt Ltd.*, 89 F.3d 1339, 1344 (8th Cir. 1996) (same). It also applies in copyright cases. *See*, *e.g.*, *Weindling Int., Corp. v. Kobi Katz, Inc.*, 2000 U.S. Dist. LEXIS 14255, *4 (S.D.N.Y. September 29, 2000) (where plaintiff sought declaration that its jewelry designs did not infringe those of the defendant, burden of proof "was at all times on the [defendant]," including on the issue of "ownership of a valid copyright").

The fact that defendants have now withdrawn their own count for declaratory relief, and no longer seek an affirmative declaration that they own the RIVAS copyrights, does not change this analysis. In *Vivid*, the Federal Circuit specifically found that, because a declaratory judgment action for non-infringement and a counterclaim for infringement raised the exact same issues, the defendant had the burden of proof on the declaratory judgment non-infringement action even if they were *not permitted* to file their counterclaim. *Vivid*, 200 F.3d at 802. As in *Vivid*, even without their affirmative claim of ownership, defendants still challenge Stafford's request for a declaration of non-ownership. Moreover, defendants also still claim they are entitled to one half of the sale proceeds. As the cases discussed above make clear: so long as defendants are the party claiming rights to the intellectual property in question, they bear the burden of proof.

-5-

Dated: January 9, 2008            Respectfully submitted,

           STAFFORD TRADING, INC. AND
           JOHN S. STAFFORD, JR.

By: _____
       One of Their Attorneys

John R. McCambridge
Gary M. Miller
Claudia M. Laurens
Sarah D. McTurnan
Jacob W. Harrell
GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, IL 60606
Phone: (312) 704-7700
Fax: (312) 558-1195

## CERTIFICATE OF SERVICE

I, Gary M. Miller, an attorney, hereby certify that on January 9, 2008, I caused a true and correct copy of the foregoing **PLAINTIFFS' BENCH MEMO REGARDING BURDEN OF PROOF** to be served upon the defendants by hand-delivery upon the following:

>Edwin L. Durham
>Marion B. Adler
>Rachlis Durham Duff & Adler
>542 South Dearborn Street
>Suite 900
>Chicago, IL  60605
>
>Michael Fox
>Fox & Fox, S.C.
>124 West Broadway
>Monona, WI  53716

                                                                  _____
                                                                  Gary M. Miller

141151v1