**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN STAFFORD, ET AL. | ) | |
| | ) | |
| Plaintiffs/ Counter-Defendants, | ) | No. 05 CV 4868 |
| | ) | |
| vs. | ) | Honorable David Coar |
| | ) | Magistrate Judge Arlander Keys |
| FREDERICK J. LOVELY and | ) | |
| CHARLES POKOSKI, | ) | |
| | ) | |
| Defendants/Counterclaimants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' BENCH MEMO
REGARDING THE BURDEN OF PROOF**

Stafford's burden argument suffers from the following three errors.

**First**, Stafford seeks to impose a burden of proof on Lovely and Pokoski for a "plaintiff's" claim they are not making. Lovely's and Pokoski's plaintiffs' case is that they developed RIVAS through an oral joint venture with Stafford as a trading methodology, that RIVAS was marketed for its value as a secret trading methodology and that RIVAS was sold to the TD Bank for its value as a secret trading methodology. Lovely and Pokoski deny that the RIVAS trading methodology was subject to copyright and contend that none of the proceeds received by Stafford from the sale of the methodology is associated copyright. As such, the burden that Lovely and Pokoski happily take on is the burden of proving their joint venture (for development of a trading methodology) and trade secret claims (as well as the associated claims of breach of fiduciary duty and promissory estoppel).

**Second,** this is not a copyright infringement suit. At its core, this is a suit over who is entitled to the proceeds from the sale of RIVAS by Stafford. As such, Stafford's effort to analyze this suit in terms of an infringement suit is improper. Because Stafford asserts

copyright, he has the burden of proving the copyright and that it belonged to him. If Stafford can meet that first burden, he would also have to prove what part of the proceeds paid by the TD Bank was paid for RIVAS's alleged value as a copyright versus a trade secret.

**Third,** Stafford's argument conveniently ignores that having voluntarily initiated and created this suit, it is Stafford – not Lovely and Pokoski – who are the "natural plaintiffs" regarding Stafford's manufactured copyright claim. Lovely and Poksoki did not threaten Stafford with a copyright action, nor do they contend here that the trading methodology for which they seek proceeds is subject to copyright; indeed, prior to this suit being initiated by Stafford, no party here ever mentioned copyright (including Stafford, who when he sold the partnership's methodologies to TD, characterized the work as a planned method patent). Further, Stafford's motion identifies this exact point as it notes that in 2005, Lovely and Pokoski "threatened to sue Stafford for a portion of the sales proceeds," *not* because of a dispute of ownership over a copyright. (Stafford's Memo at 2.). Stafford, having manufactured and then initiated this copyright action before this court, like other litigants who initiate declaratory judgment actions regarding, for instance, the invalidity of an insurance policy, bears the burden of proof. *See Metropolitan Casualty of New York v. Miller,* 188 F.2d 702, 704 (7th Cir. 1951); *Spraying Systems Co. v. William G. Smart Co.*, 816 F. Supp. 465 (N.D. Ill. 1993).

                                          Respectfully submitted,
                                          FREDRICK J. LOVELY and CHARLES POKOSKI

                                          _s/Edwin L. Durham_____
                                          Edwin L. Durham
                                          Michael Rachlis
                                          Marion B. Adler
                                          RACHLIS DURHAM DUFF & ADLER, LLC
                                          542 S. Dearborn Street, Suite 900
                                          Chicago, IL  60605
                                          312-733-3950

                                          Michael R. Fox
                                          FOX & FOX, S.C.
                                          124 West Broadway
                                          Monona, WI  53716
Dated: January 11, 2008             (608) 258-9588